IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. POWERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

    Defendant.

No. C 06-5423 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff has filed a motion for award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Having considered the papers submitted, the Court hereby DENIES plaintiff's motion.

**BACKGROUND**

The underlying action concerned plaintiff's challenge to an Administrative Law Judge's ("ALJ") final decision denying disability benefits for a May 15, 2001 Social Security claim. In making his decision, the ALJ applied regulations that were in effect in 2005, rather than the regulations that were effective at the time plaintiff filed his claim. The Court found that the application of the revised regulation was impermissibly retroactive because the regulatory change at issue was substantive. *See* September 28, 2007 Order at 11-12. The Court therefore granted plaintiff's motion for summary judgment and remanded the case back to the Appeals Council for a new determination under the revised regulations.

**DISCUSSION**

Plaintiff requests fees and costs in the amount of $6,310.85 to be granted directly to plaintiff's counsel. Defendant concedes that plaintiff was the prevailing party in the underlying action. However, defendant contends that plaintiff is not entitled to fees and costs because defendant's position and defense of that position were substantially justified. In the alternative, defendant contends that the award should be reduced because plaintiff's attorney has billed for an excessive number of hours.

The EAJA provides that reasonable attorney's fees and expenses may be awarded to the prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the Court finds that the position of the United States was "substantially justified." 28 U.S.C. § 2412(d). To show substantial justification for its position, the government has the burden of establishing that its conduct had "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Ninth Circuit has divided the inquiry into two parts: "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). However, "the inquiry into the government's litigation position will ordinarily encompass the inquiry into the administrative decision." *Flores v. Shalala*, 49 F.3d 562, 570 n.11 (9th Cir. 1995).

Defendant contends that the Commissioner was substantially justified in defending the Administrative Law Judge's (ALJ) decision to apply the revised regulation to plaintiff's pending claim because the issue of law in question was unresolved. Defendant argues that the Commissioner's reliance on a Sixth Circuit case, *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006), which found that a revised regulation was "procedural" and not impermissibly retroactive, was substantially justified under the EAJA because the Ninth Circuit has not decided the issue. Plaintiff counters that a case in the Northern District, *Kokal v. Massanari*, 163 F.Supp. 2d 1122 (N.D. Cal. 2001), which found a revised listing impermissibly retroactive, undercuts defendant's assertion that its position was substantially justified. Plaintiff further argues that the ALJ's failure to make any determination as to which version of the listing should be applied to plaintiff's application demonstrates that there was no substantial

2

justification for the ALJ's underlying decision.

Here, the question of law – whether applying a new or revised regulation to a pending Social Security application is impermissibly retroactive – has not been decided by the Ninth Circuit, and in similar cases, courts have reached different conclusions. *See* September 28, 2007 Order at 8-10 ("Some courts have characterized this revision as a procedural one, and held that the revised regulation could be applied to pending applications. *See, e.g., Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006) (en banc). Other courts have disagreed, and held that the application of the revised obesity regulation is retroactive."). That this Court found the ALJ's action to be contrary to law does not necessarily mean that the action had no substantial justification. *See Kali*, 854 F.2d at 334 (finding the government's underlying decision substantially justified because its interpretation of a statute, though wrong, was reasonable, and the Ninth Circuit had not addressed the issue). Similarly, a single Northern District case with a ruling contrary to defendant's position does not establish that defendant was not substantially justified. *Id*. at 332. Because the issue of law was unclear and unresolved by the Ninth Circuit, and case law existed which supported defendant's position, the Court finds that defendant was substantially justified in its decision to apply the regulation to plaintiff's pending application.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for attorney's fees [Docket No. 23]. [1]

**IT IS SO ORDERED.**

Dated: March 24, 2008

SUSAN ILLSTON
United States District Judge

---

[1] Although the Court did not reach the issue of whether the award in this case should be paid directly to plaintiff's counsel, Mr. Sammis, rather than to plaintiff, the Court notes that Mr. Sammis previously represented a plaintiff who made the same request. The Court ruled that it is not permissible under the statute or the agency's policy to deliver awards directly to counsel. *See Whitmore v. Astrue*, C 06-05062 SI Order of September 5, 2007. Mr. Sammis is aware of the Court's previous ruling and should cease making this request.