**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    WILLIAM J. POWERS,
                                                    No. C 06-5423 SI
9                Plaintiff,
                                                    **ORDER DENYING PLAINTIFF'S**
10       v.                                          **MOTION TO ALTER OR AMEND**
                                                    **ORDER**
11   MICHAEL J. ASTRUE, Commissioner, Social
     Security Administration,
12
                 Defendant.
13   _____/

14

15
          Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend
16
     the Court's March 24, 2008 order denying plaintiff's motion for attorney's fees. The underlying action
17
     concerned plaintiff's challenge to an Administrative Law Judge's ("ALJ") final decision denying
18
     disability benefits. In making his decision, the ALJ applied regulations that were in effect in 2005,
19
     rather than the regulations that were effective at the time plaintiff filed his claim. The Court found that
20
     the application of the revised regulation was impermissibly retroactive because the regulatory change
21
     at issue was substantive. *See* September 28, 2007 Order at 11-12. The Court granted plaintiff's motion
22
     for summary judgment and remanded the case back to the Appeals Council for a new determination
23
     under the revised regulations.
24
          Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28
25
     U.S.C. § 2412(d). On March 24, 2008, the Court denied plaintiff's motion, finding that defendant was
26
     substantially justified in both the underlying decision and its defense of this case because the issue of
27
     law was unclear and unresolved by the Ninth Circuit, and because case law existed which supported
28
     defendant's position.

**United States District Court**
For the Northern District of California

1        The Court construes plaintiff's Rule 59 motion[1] as a motion for reconsideration, and DENIES

2    the motion.  Plaintiff has not presented any new evidence or a change in controlling law.  Plaintiff

3    argues that the Court committed clear error because the summary judgment order did not address every

4    issue raised by the parties.  Plaintiff asserts that the Court's failure to address every issue raised by the

5    parties was an abuse of discretion which prejudiced plaintiff in his subsequent motion for attorney's

6    fees.  Unsurprisingly, plaintiff provides no law to support this contention, and does not indicate how

7    these unidentified missing "issues" would have changed the outcome of the Court's decision.  In any

8    event, even if the Court had reached issues that were unnecessary, the Court would still find that

9    defendant's position was substantially justified due to the retroactivity question.

10        Plaintiff also argues that the Court committed clear error in its March 24, 2008 order in holding

11    that the government was substantially justified in its underlying decision and in its defense of that

12    decision.  However, in support of his contention, plaintiff merely reasserts legal arguments previously

13    made in his motion for attorney's fees and his reply, based on case law which the Court carefully

14    considered in its March 24, 2008 ruling.  The Court finds no error in its previous order.  Accordingly,

15    the Court hereby DENIES plaintiff's motion for attorney's fees.  (Docket No. 33)

16

17

18        **IT IS SO ORDERED.**

19    Dated: May 21, 2008

         _____
20                                                SUSAN ILLSTON
                                                 United States District Judge

21

22

23

24

25

26

---

27    [1] Plaintiff has styled the motion as one to "alter or amend the judgment" pursuant to Rule 59(e). The Court entered judgment on September 28, 2007.  Although plaintiff takes issue with portions of the Court's September 28, 2007 summary judgment order, the instant motion does not seek to alter or

28    amend the September 28, 2007 judgment, but rather seeks reconsideration of the March 28, 2008 order denying attorney's fees.